[Cite as *State v. Dupler*, 2024-Ohio-5721.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DAKOTA A. DUPLER | : | Case No. 2024 CA 00035 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. 2023 CR 00111




JUDGMENT:                      Affirmed




DATE OF JUDGMENT:              December 6, 2024




APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

KENNETH W. OSWALT                          BRIAN A. SMITH
20 South Second Street                     123 South Miller Road
Newark, OH  43055                          Suite 250
                                           Fairlawn, OH  44333

*King, J.*

{¶ 1}   Defendant-Appellant Dakota Dupler appeals the March 27, 2024 judgment of conviction and sentence of the Licking County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   A full recitation of the underlying facts is unnecessary for our resolution of this appeal. The instant matter stemmed from two incidences, the first occurring on January 14, 2023 at the Best Buy in Heath, Ohio where Dupler stole items totaling $1,769.95. On May 23, 2022 members of the Central Ohio Drug Task Force initiated a traffic stop on a Buick driven by Dupler. Drugs and drug paraphernalia were subsequently found in the Buick as well as the hotel room where Dupler was living at the time.

{¶ 3}   As a result of these events, Dupler was charged by indictment with one count of theft, a felony of the fifth degree, possession of cocaine, a felony of the fifth degree, aggravated possession of methamphetamine, a felony of the third degree, possession of drug paraphernalia, a misdemeanor of the first degree, and falsification a misdemeanor of the first degree.

{¶ 4}   On March 27, 2024, Dupler entered pleas of guilty to each count of the indictment. The trial court sentenced Dupler to nine months incarceration for theft and possession of cocaine, two years incarceration for aggravated possession of methamphetamine, and 30 days jail time for possession of drug paraphernalia and falsification. The trial court ordered Dupler to serve the theft and drug possession charges consecutively for an aggregate total of 42 months incarceration.

{¶ 5}   Dupler filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follow:

I

{¶ 6}   "THE TRIAL COURT'S SENTENCE OF APPELLANT WAS CONTRARY TO LAW, BECAUSE THE TRIAL COURT IMPOSED CONSECUTIVE SENTENCES WITHOUT MAKING THE FINDINGS REQUIRED UNDER R.C. 2929.14(C)(4) AT APPELLANT'S SENTENCING HEARING."

II

{¶ 7}   "THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS NOT SUPPORTED BY THE RECORD."

I, II

{¶ 8}   Because they are interrelated, we elect to address Dupler's assignments of error together. Dupler argues his sentence is contrary to law because the trial court failed to make the findings required by R.C. 2929.14(C)(4) and further argues the imposition of consecutive sentences is not supported by the record and based on improper considerations. We disagree.

*Applicable Law*

{¶ 9}   This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002 ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 10} R.C. 2929.14(C)(4) governs consecutive sentences. That section states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not

disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} "R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such

certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, (1954), paragraph three of the syllabus.

{¶ 12} When imposing consecutive sentences, a trial court must state the required findings at the sentencing hearing. *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. Because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. *Id.* However, a word-for-word recitation of the language of the statute is not required. *Id.* As long as the reviewing court can discern the trial court engaged in the correct analysis and can determine the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

*Dupler's Sentence is Not Contrary to Law and is Supported by the Record*

{¶ 13} We first note Dupler did not object during the sentencing hearing to the imposition of consecutive sentences, thereby forfeiting all but plain error. *State v. Wilson*, 2013-Ohio-1520 (10th Dist.) ¶ 8. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long*, 53 Ohio St.2d 91 (1978) at paragraph one of the syllabus; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the proceeding clearly would have been different but for the error. *Id.* at paragraph two of the syllabus. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶ 14} Dupler has failed to raise or argue plain error and additionally argues plain error is inapplicable. Upon review of the record, however, we find no error plain or

otherwise. We find the trial court engaged in the correct analysis. It found consecutive sentences were not disproportionate to the seriousness of Dupler's conduct, the danger he poses to the public, and were further necessary because Dupler was on community control in Perry Country when he committed the instant offenses, was not complying with orders in that matter, and had two outstanding warrants in Franklin County. Transcript of March 27, 2024 sentencing (T.) 16-17. As mentioned above, a word-for-word recitation of the applicable factors is unnecessary. We are able to discern from the record before us that the trial court engaged in the correct analysis. Upon review of the record we further find it contains ample evidence to support the trial court's consecutive sentence findings.

*The Imposition of Consecutive Sentences was not Based on Improper Considerations*

{¶ 15} Dupler also argues the trial court based its imposition of consecutive sentences on his inability to pay restitution. He directs us to the trial court's comments during sentencing pointing out that Dupler's prior record and history of non-compliance with previously ordered community control sanctions alongside Dupler's declaration prior to sentencing that he was fully taking "responsibility for all these charges." Transcript of sentencing at 16. Based on Dupler's declaration of taking responsibility, the trial court asked if Dupler had with him the restitution he owed for the theft charge. Dupler stated he did not. The trial court then made it clear that it found Dupler's claims insincere:

> What kind of crap is that you are taking responsibility. The only thing you've done is be caught and stuck in jail, and now you want released. We're going to judge you by your actions, and it is bad

enough that you're stealing from the business people here, and then you return to sell drugs to people at hotels. What kind of -- what good is that doing the community? I don't see any. You are only encouraging people to steal so they can get more money to buy stuff from you. I don't see any redeeming qualities here, Mr. Dupler.

{¶ 16} T. 18.

{¶ 17} As the State points out, when read in their entirety it is clear that the trial court's comments simply reflect its belief that Dupler was feigning remorse, not that it was basing consecutive sentences on his inability to pay restitution the day of sentencing. We therefore reject Dupler's claim that the trial court based its imposition of consecutive sentences on his inability to pay restitution the day of sentencing.

*Conclusion*

{¶ 18} The trial court's imposition of consecutive sentences is supported by the record and is neither contrary to law, nor based on improper considerations. Accordingly, the first and second assignments of error are overruled.

{¶ 19} The judgment of the Licking County Court of Common Pleas is affirmed.

By King, J.,

Hoffman, P.J. and

Baldwin, J. concur.